SCOTT, Appellant, v. BAMBER, et al, Respondents.

(221 N. W. 676.)

(File No. 6360. Opinion filed November 9, 1928.)

*Danforth & Seacat,* of Alexandria, for Appellant.

*Lauritz Miller* and *Fred D. Shandorf,* both of Mitchell, for Respondents.

BROWN, J. On December 30, 1891, Wm. Bamber, who with his wife and six small children lived on a quarter section of land in Hanson county, conveyed it to his wife, Agnes. Edward Newman was a brother of Agnes Bamber, and after his death in Chicago, on November 29, 1923, there was found among his papers a quitclaim deed to the land, dated February 10, 1894, not acknowl-

edged or recorded or witnessed, in which he was named as grantee, signed "Agnes Bamber." In 1895 or 1896, Agnes Bamber was committed to the hospital for the insane at Elgin, Ill., and remained there insane until her death, intestate, in 1915. Her heirs were the six children, William, Thomas, George, Mary, Jane, and Sarah. On October 30, 1920, William made a quitclaim deed of all his interest in the land to Edward Newman, and on August 24, 1920, the other five children made a quitclaim deed of their interest to Newman; both of these deeds were recorded December 29, 1923. On May 25, 1923, Jane, Mary, and Sarah gave a quitclaim deed of the premises to plaintiff, Victor B. Scott, which was recorded May 28, 1923, and on June 1, 1923, William and George made a quitclaim deed of the premises to plaintiff, which was recorded June 7, 1923. Thomas did not deed to Scott. By the will of Edward Newman, duly admitted to probate, all his property, except jewelry, was devised to his widow, the defendant Nora Newman.

In this action, brought by plaintiff to determine his title to an undivided five-sixths of the land and for a partition thereof, defendant Nora Newman claims that her deceased husband had been in continuous possession by tenants of the premises since 1894, and she since his death, and that plaintiff took his deeds with knowledge of such possession; that he was not a purchaser in good faith or for a valuable consideration; and by counterclaim she asks that title to the premises be quieted in her. From a judgment quieting title in her, and dismissing plaintiff's complaint upon the merits, and from an order denying a new trial, plaintiff appeals.

The defense of adverse possession by Nora Newman and her deceased husband, while set up in the answer, need not be considered, as the trial court placed the decision in favor of defendants upon other grounds. The quitclaim deed from Agnes Bamber to Edward Newman was not recorded until after plaintiff's deeds, and plaintiff contends that he had no actual knowledge or notice thereof, and his deeds, being first recorded, take precedence of the prior unrecorded deed from Agnes Bamber to Edward Newman.

It is unnecessary to pass on this contention, for all of the heirs of Agnes Bamber gave quitclaim deeds of their entire interest in the land to Edward Newman, prior in point of time to plaintiff's deeds, and while those deeds also were recorded subse-

quent to the recording of plaintiff's deeds, yet there is sufficient evidence to justify the finding of the trial court that plaintiff took his deeds with actual knowledge of the existence of those deeds, and that therefore his title is inferior to that of Edward Newman, derived through deeds from the Bamber heirs.

Plaintiff offered evidence tending to show that the deeds from some, if not all, of the Bamber heirs were given to, and accepted by, Newman without consideration, and with the intention, not of transferring title to him absolutely, but only for convenience in making a sale of the land and apportioning the proceeds among the Bamber heirs. But the only evidence of this character offered was the testimony of Mary Bamber Buzane and of Thomas Bamber, both of whom were disqualified under Rev. Code, § 2717, to testify to communications and transactions had with the deceased, Edward Newman, and the court excluded such testimony on that ground. There was, therefore, no evidence that the quitclaim deeds from the heirs of Agnes Bamber to Edward Newman were other than what on their face they purported to be, absolute conveyances of all of the interest of each of said heirs to Edward Newman, and by the terms of his will all of this property went to his wife, Nora Newman.

There is evidence to support the decision of the trial court and we are unable to say that the preponderance of the evidence is against such decision, and the judgment and order denying a new trial are affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.
CAMPBELL, J., concurs in result.